IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WENDY WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 09-00132-KD-N |
| ) | |
| SUMMER HENRY, ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION

Plaintiff, Wendy Williams, who is an inmate at the Mobile County Metro Jail proceeding *pro se* and in *forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A). It is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) as frivolous.

I.  Background.

On July 2, 2009, Wendy Williams filed a handwritten complaint alleging that a fellow inmate, Summer Henry, beat her "in the head and face, neck, back and kicked her in the ribs, chest and back." (Doc. 1). On April 4, 2009, the Court entered an order requiring plaintiff, by May 8, 2009, to complete and file a new complaint on this Court's current form for a complaint under 42 U.S.C. § 1983 and to either pay the $350.00 filing fee or a motion to proceed without prepayment of fees on the Court's form.

Plaintiff filed her new complaint (Doc. 4) and a motion to proceed in *forma pauperis* on April 27, 2009. On May 19, 2009, plaintiff's motion to proceed in *forma*

*pauperis* was granted to the extent that plaintiff was allowed to pay a partial filing fee of $4.23 in order to proceed with the litigation. (Doc. 7). This partial filing fee was ultimately paid on August 17, 2009. (Doc. 16).

As set forth in her new complaint (Doc. 4), the sole defendant is fellow inmate Summer Henry and the sole allegation is essentially that the defendant assaulted and battered her and caused her bodily harm on October 13, 2008. (Doc. 4). Ms. Williams seeks a judgment of $100,000,000 but requests that any monies received be sent to charity.[1]  *Id*.

II.     Discussion.

    A.     Standard of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because the plaintiff is proceeding without prepayment of fees, the Court is reviewing plaintiff's complaint under § 1915(e)(2)(B).[2] Troville v. Venz,  303 F.3d 1256, 1260 (11th Cir. 2002)(affirming the application of 28 U.S.C. 1915(e)(2)(B) to a non-prisoner's complaint). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants

---

[1] On June 22, 2009, plaintiff amended her complaint merely to designate a specific charity as the beneficiary of any judgment she might receive from this lawsuit.

[2] The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in Neitzke v. Williams, 490 U.S. 319 (1989), was unaltered. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044 (2001); Brown v. Bargery, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. Bilal, 251 F.3d at 1348-49.

are immune from suit, the claim seeks to enforce a right which clearly does not exist, or there is an affirmative defense such as statute of limitations that would defeat the claim. *See e.g.*, Neitzke, 490 U.S. at 327; Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n. 2 (11th Cir. 1990).

Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327.

Prior to Bell Atlantic v. Twombly, 550 U.S. 544 (2007), a court could only dismiss a complaint "if it is was clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," language set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957). This language as it relates to the Rule 12(b)(6) standard was expressly rejected in Twombly wherein the Supreme Court set forth the following standard regarding a court's determination of the sufficiency of pleading such as is in issue in this case:

> Federal Rule of Civil Procedure 8(a)(2) requires only " a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citation omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do [citation omitted]. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. at 555.  The Supreme Court emphasized, however, that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  550 U.S. at 570.  The Supreme Court recently reinforced the Twombly standard in Ashcroft v. Iqbal, – U.S. – , 129 S.Ct. 1937, 1949-50 (2009).  The Court reiterated that a claim is insufficiently pled if it offers only "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action'."  Iqbal, 129 S.Ct. at 1949, *quoting* Twombly, 550 U.S. at 557.  *See also*, Phillips v. County of Allegheny, 515 F.3d 224, 233 (3rd Cir. 2008)("After Twombly, it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct'."), *quoting* Twombly, 550 U.S. at 553, n. 8.  *See also*, Sinaltrainal v. Coca-Cola Co., 2009 WL 2431463 (11th Cir. Aug. 11, 2009)("The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss [*citing* Iqbal, 129 S.Ct. at 1949] [and] [t]he well-pled allegations must nudge the claim 'across the line from conceivable to plausible'" [*quoting* Twombly, 550 U.S. at 570]").

 It is also important to note that "[a] complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits."  McTernan v. City of York, Pennsylvania, 564 F.3d 636, 646 (3rd Cir. 2009), *quoting*, Phillips, 515 F.3d at 231, in turn *quoting*, Twombly, 550 U.S. at 553, n. 8.  The Supreme Court's Twombly formulation of the pleading standard "'does not impose a probability requirement at the pleading stage,'" but instead "'simply calls for

4

enough facts to raise a reasonable expectation that discovery will reveal evidence' of the necessary element." *Id.*, *quoting* Phillips, 515 F.3d at 234, in turn *quoting*, Twombly, 550 U.S. at 556.  *See also*, Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)(noting that the language of § 1915(e)(2)(B)(ii) tracks the language of Fed.R.Civ.P. 12(b)(6)).

    B.    <u>42 U.S.C. § 1983</u>.

In order to state a viable claim against any defendant under 42 U.S.C. § 1983, Ms. Williams is required to show that she "was deprived of a federal right by a **person acting under color of state law**." Moore v. Bargstedt, 203 Fed. Appx. 321, 323 (11th Cir. 2006)(emphasis added), quoting Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001).  By contrast, "individuals pursuing private aims and not acting by virtue of state authority are not acting under color of state law [even when] they are state officers." Harris v. Rhodes, 94 F.3d 196, 197 (5th Cir. 1996), *quoting* United States v. Tarpley, 945 F.2d 806, 809 (5th Cir. 1991).  The only defendant named by the plaintiff in her complaint is Summer Henry who is evidently a fellow inmate at the Mobile County Metro Jail.[3]  As such, plaintiff has failed to allege any facts which could establish that Summer Henry was acting under color of state law when she assaulted the plaintiff.  Consequently, plaintiff has failed to state a claim under § 1983 against Summer Henry upon which any relief can

---

[3]Ms. Williams sets forth neither an address for the defendant, Summer Henry, nor any indication that the defendant is employed by any person or entity but merely asserts that the beating occurred on October 13, 2008 at the Mobile County Metro Barracks.

be granted. Accordingly, this present action is frivolous as a matter of law.[4]

IV.    <u>Conclusion</u>.

For the reasons stated above, it is recommended that this action be dismissed pursuant to § 1915(e)(2)(B)(I) as frivolous. If plaintiff elects to file an objection to this Report and Recommendation, she should draft an objection that specifically addresses the jurisdictional principles discussed herein and sets forth her challenges to the factual findings and/or legal conclusions of the undersigned. The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge

**Done** this 14th day of September, 2009.

/s/ Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL
RIGHTS AND RESPONSIBILITIES FOLLOWING
RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.    **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of

---

[4] Even if it could be said that Ms. Williams did not really intend to assert a claim against Summer Henry under 42 U.S.C. § 1983, the action should still be dismissed inasmuch as Ms. Williams did not state a sufficient factual basis for contending that diversity jurisdiction exists with respect to these parties.

court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)©; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:
2.
> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

3.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**Done** this 14th day of September, 2009.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE